UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-524-GWU

ANGELA HUFF,                                                        PLAINTIFF,

VS.                           **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

**INTRODUCTION**

Angela Huff brought this action to obtain judicial review of an unfavorable

administrative decision on her application for Supplemental Security Income (SSI).

The case is before the Court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.   Is the claimant currently engaged in substantial gainful activity?
     If yes, the claimant is not disabled.  If no, proceed to Step 2.
     See 20 C.F.R. 404.1520(b), 416.920(b).

2.   Does the claimant have any medically determinable physical
     or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
     claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.   Does the claimant have any severe impairment(s)--i.e., any
     impairment(s) significantly limiting the claimant's physical or
     mental ability to do basic work activities?  If yes, proceed to
     Step 4.  If no, the claimant is not disabled.  See 20 C.F.R.
     404.1520(c), 404.1521, 416.920(c), 461.921.

1

06-524  Huff

4.      Can the claimant's severe impairment(s) be expected to result
        in death or last for a continuous period of at least 12 months?
        If yes, proceed to Step 5.  If no, the claimant is not disabled.
        See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of
        impairments meeting or equaling in severity an impairment
        listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of
        Impairments)?  If yes, the claimant is disabled.  If no, proceed
        to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a),
        416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his
        residual functional capacity and the physical and mental
        demands of the work he has done in the past, still perform this
        kind of past relevant work?   If yes, the claimant was not
        disabled.  If no, proceed to Step 7.   See 20 C.F.R.
        404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his
        residual functional capacity, age, education, and past work
        experience, do other work--i.e., any other substantial gainful
        activity which exists in the national economy?  If yes, the
        claimant is not disabled.   See 20 C.F.R. 404.1505(a),
        404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

        Applying this analysis, it must be remembered that the principles pertinent

to the judicial review of administrative agency action apply.  Review of the

Commissioner's decision is limited in scope to determining whether the findings of

fact made are supported by substantial evidence.  Jones v. Secretary of Health and

Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged

3

pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

06-524  Huff

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately

portrays the plaintiff's physical and mental impairments.  Varley  v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Huff, a 32 year-old former cashier, fast food worker, waitress, and kitchen helper with a high school education, suffered from impairments related to a history of hepatitis C and lumbosacral strain with chronic low back pain.  (Tr. 12, 17).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 20).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 21).

The record reveals that Huff was awarded SSI on a prior application on March 14, 2000.  (Tr. 32-33).  The plaintiff was found to have met the requirements of Section 12.05C of the Listing of Impairments.  (Tr. 33).  The claimant's benefits were terminated when she was imprisoned for drug-related charges.  (Tr. 12).  Huff filed her current application for SSI on February 16, 2005.[1]  (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court

[1]The plaintiff does not assert that she meets this Listing on the current claim.

7

must grant the defendant's summary judgment motion and deny that of the plaintiff.

At the administrative hearing, the ALJ presented a hypothetical question to Vocational Expert William Ellis which included an exertional limitation to medium level work, along with non-exertional restrictions as (1) an inability to more than occasionally climb ladders, ropes or scaffolds; and (2) a "limited but satisfactory" ability to deal with work stress, maintain attention and concentration and relate to co-workers, the public, or supervisors. (Tr. 366). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Id.). Therefore, assuming that the vocational factors considered by Ellis fairly characterized Huff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. Dr. Kip Beard, an examining consultant, opined that Huff would have a "mild" limitation with repetitive bending and heavy lifting or carrying. (Tr. 252). The hypothetical factors were essentially compatible with this opinion. Dr. John Rawlings (Tr. 278-286) and Dr. Ronald Brown (Tr. 287-295), the non-examining medical reviewers, each limited the plaintiff to medium level work restricted from a full range by an inability to more than occasionally climb ladders, ropes or scaffolds. The hypothetical question included these factors. No treating or examining source, including Dr. Abdulkader Dahhan (Tr. 225-247) and the staff at Appalachian Regional Healthcare (Tr. 339-347) identified the existence

06-524  Huff

of more severe physical limitations than those found by the ALJ.  These reports provide substantial evidence to support the administrative decision.

The hypothetical question also fairly depicted Huff's mental condition.[2] Psychologist Phil Pack, an examining consultant, indicated that the plaintiff would have a "limited but satisfactory" ability in such areas as sustaining attention to perform repetitive tasks, relating to others and adapting to work stress.  (Tr. 257-258).  The mental factors of the hypothetical question were essentially consistent with this opinion.  Psychologists Edward Ross (Tr. 296) and Ilze Sillers (Tr. 311), the non-examining medical reviewers, each opined that the claimant did not suffer from a "severe" mental impairment.  These reports also do not contradict the ALJ's findings.  The staff at the Cumberland River Comprehensive Care Center did not report the existence of more severe mental limitations than those presented in the hypothetical question.  (Tr. 259-277).  These reports provide substantial evidence to support the administrative decision.

Psychologist Robert Spangler also examined Huff and identified more severe mental limitations than those included in the hypothetical question.  (Tr. 335-337).  The plaintiff asserts that the ALJ erred in failing to present these restrictions to the Vocational Expert.  However, the ALJ noted a number of reasons why Spangler's

---

[2]The ALJ ultimately concluded that the claimant did not suffer from a "severe" mental impairment.  (Tr. 19).  Since the hypothetical question did include mental factors which fairly characterize her condition, any error is harmless.

9

06-524  Huff

opinion did not appear to be well-supported by objective medical data.  (Tr. 19).
Spangler's limitations are offset by those of the equally-placed Pack.  Therefore,
Spangler's opinion was properly disregarded by the ALJ.

Huff also argues that the ALJ erred in finding that she had a high school
education when achievement testing administered by Pack revealed that she read
on the 8th grade level.  (Tr. 257).  However, as noted by the defendant, even if her
educational functioning level was at the "limited" rather than the high school level,
Rule 203.26 of the Medical-Vocational Guidelines would still indicate she was not
disabled.  Therefore, the Court finds no error.

The undersigned concludes that the administrative decision should be
affirmed.  Therefore, the Court must grant the defendant's summary judgment
motion and deny that of the plaintiff.  A separate judgment and order will be entered
simultaneously consistent with this opinion.

This the 12th day of October, 2007.



**Signed By:**

_G. Wix Unthank_

**United States Senior Judge**